IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 16-cv-01358-PAB-KLM

B-MEX, LLC, a Colorado Company, et al.,

　　Plaintiffs,

v.

JOSÉ BENJAMÍN CHOW DEL CAMPO,

　　Defendant.

## ORDER

　　This matter is before the Court on Defendant Chow's Motion to Set Aside Entry of Default and Motion for Leave to Allow Filing of Answer Out of Time [Docket No. 36]. In his motion, defendant requests that the Court vacate the Entry of Default [Docket No. 21] entered by the Clerk of the Court on October 21, 2016.

　　On June 6, 2016, plaintiffs filed a complaint asserting claims against defendant for violations of the federal Racketeering Influenced and Corrupt Organizations Act ("RICO") and Colorado Organized Crime Control Act ("COCCA") and seeking damages and injunctive relief. Docket No. 1. Plaintiffs initially requested entry of default on October 19, 2016. Docket No. 18. The Clerk of the Court did not enter default because plaintiffs failed to supply an affidavit or declaration concerning defendant's military status. Docket No. 19. On October 21, 2016, plaintiffs filed a second motion for entry of default. Docket No. 20. On October 21, 2016, the Clerk entered default against defendant José Benjamín Chow del Campo. Docket No. 21.

In his motion to set aside the entry of default, defendant argues that his failure to answer was not culpable, because he had difficulties procuring representation and believed that the parties would settle their dispute by agreement. Docket No. 36 at 5-6. Defendant further argues that, in light of the parties' interactions, the instant motion to set aside the default was made promptly, shortly after defendant became aware of the entry of default. *Id.* at 8-9. Defendant claims that setting aside the default in this case would not prejudice plaintiffs and would allow defendant to present meritorious defenses. *Id.* at 6-7. Last, defendant states that plaintiffs' failure to comply with D.C.COLO.LCivR. 7.1 militates in favor of setting the default aside. *Id.* at 10.

The Court may set aside an entry of default for good cause. *See* Fed. R. Civ. P. 55(c). The good cause standard is a less demanding standard than the excusable neglect standard which must be shown for relief from judgment under Fed. R. Civ. P. 60(b). *Dennis Garberg & Assocs., Inc. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 775 n.6 (10th Cir. 1997). In determining whether to vacate the Clerk's entry of default, the Court may consider the following factors: (1) whether the defendant's culpable conduct led to the default; (2) whether the plaintiffs will be prejudiced by setting aside the entry of default; and (3) whether the defendant has a meritorious defense. *See Hunt v. Ford Motor Co.*, 1995 WL 523646, at *3 (10th Cir. Aug. 29, 1995) (citing *In re Dierschke*, 975 F.2d 181, 183 (5th Cir. 1992)). The Court need not consider each one of these factors and may consider other factors in its discretion. *Id*. Guiding the Court's analysis is the time-honored principle that "[t]he preferred disposition of any case is upon its merits and not by default judgment." *Gomes v. Williams*, 420 F.2d 1364, 1366 (10th Cir.

1970); see also *Katzson Bros., Inc. v. E.P.A.*, 839 F.2d 1396, 1399 (10th Cir. 1988) (noting that "default judgments are not favored by courts"). It is, however, within the Court's discretion to balance the judicial preference against default judgments with "considerations of social goals, justice, and expediency." *Gomes*, 420 F.2d at 1366.

With respect to the first factor, whether the default was caused by defendant's culpable conduct, defendant concedes that he was properly served in this matter and failed to file a timely answer.[1] Docket No. 36-1 at 2, ¶ 9. Defendant argues in his motion that his failure to answer was not culpable because he had difficulty procuring counsel and believed that settlement negotiations would be fruitful. Docket No. 36 at 5-6. With respect to procuring counsel, defendant states he "contacted numerous attorneys for the purpose of providing legal counsel in this lawsuit" and that "various attorneys have worked at different times on [his] behalf." Docket No. 36-1 at 1, ¶¶ 3-4. Defendant claims that "he was unable to identify counsel who he felt could adequately represent him in this proceeding and provide him counsel regarding it implications, if any, in the parallel NAFTA arbitration proceeding." Docket No. 36 at 5.

Defendant was served on August 23, 2016. Docket No. 11. Defendant did not answer or otherwise respond to the complaint. On October 19, 2016, plaintiffs filed a

---

[1] The motion to set aside states that "Chow was never personally served with process in the present proceeding. . . . The process server did not leave a copy [of the process] 'with someone' as required under the Federal Rules of Civil Procedure." Docket No. 36 at 3. Defendant clarified in his reply that "Chow was not attempting to argue that Plaintiffs failed to comply with a legal requirement." Docket No. 55 at 3. Accordingly, the propriety of service is not at issue.

request for entry of default.[2] Docket No. 18. Plaintiffs sent defendant a copy of the request for default by email, FedEx, and by certified mail. Docket No. 51 at 4, ¶ 10. An adult named J. Chow signed for the FedEx delivery on October 24, 2016. *Id.* According to plaintiffs, on October 25, 2016, Geoff Binney, a Texas attorney, called plaintiffs' counsel and informed him that "he wanted to avoid a default judgment against his client and that his client wanted to enter into settlement negotiations with the Plaintiffs to resolve the claims in the suit." Docket No. 51 at 4, ¶ 11. Over the next several months, Binney reached out to plaintiffs on multiple occasions regarding settlement, but plaintiffs state that no "earnest settlement discussions" took place. *Id.* at 5, ¶ 12. Defendant's new counsel contacted plaintiffs on or around March 10, 2017.[3] *Id.* at 6, ¶ 17. Defendant does not dispute plaintiffs' description of events. *See* Docket No. 55.

Based on the foregoing, defendant obtained counsel immediately after receiving notice from plaintiffs that they intended to seek entry of default. While the timing does

---

[2]Defendant argues that plaintiffs failed to comply with D.C.COLO.LCivR. 7.1 by not conferring with defendant before seeking entry of default. Docket No. 36 at 8. Defendant appears to have abandoned this argument in his reply. Fed. R. Civ. P. 5(a)(2) states that service is not required upon a defaulted party. It would be logically inconsistent to require plaintiffs to confer with a party who has not appeared.

[3]Defendant argues that the motion to set aside is timely because "Chow learned for the first time on March 10, 2017 that a default had been entered against him in this case." Docket No. 36 at 9. Plaintiffs provided defendant with notice of their intent to seek entry of default despite having no obligation to do so. Fed. R. Civ. P. 5(a)(2) ("No service is required on a party who is in default for failing to appear."). Moreover, defendant obtained representation within one day of receiving notice that plaintiffs intended to seek an entry of default, suggesting that defendant understood the significance of plaintiffs' request. Docket No. 55-1 at 1-2, ¶ 6. Accordingly, the Court finds that defendant's motion to set aside, filed months after the entry of default and the date his counsel first contacted plaintiffs, was not filed in a timely manner.

4

not support defendant's claim that he was unable to procure counsel, it does show that defendant did not completely disregard his obligation to address plaintiffs' claims.

Defendant next points to the settlement negotiations between the parties as justification for his failure to answer. Plaintiffs state that "no meaningful settlement discussions were initiated by Chow's counsel and neither Chow nor his counsel displayed any urgency over the default." Docket No. 49 at 5. However, on multiple occasions, plaintiffs represented to the Court that plaintiffs and defendant were engaged in settlement discussions. See Docket No. 22 ("[S]hortly after Plaintiffs obtained entry of default against Defendant José Benjamín Chow del Campo [], he hired new counsel who has begun discussing settlement with Plaintiffs"); Docket No. 25 ("[S]ettlement discussions are now at an advanced stage between Plaintiffs and all three Defendants – including José Benjamín Chow del Campo."); Docket No. 31 ([A]lthough Defendant Benjamín Chow del Campo recently changed counsel, which set settlement discussions back, those discussions continue in earnest between Plaintiffs and Chow").

Regardless, the mere fact that settlement negotiations were taking place "did not excuse [defendant's] responsibility to file a responsive pleading under Fed. R. Civ. P. 12(a)." *QFA Royalties LLC v. Liberty Holding Grp., Inc.*, No. 06-cv-00948-LTB-MEH, 2007 WL 2071633, at *2 (D. Colo. July 16, 2007). Only the Court can waive or excuse a party's obligation to respond. *Id.* (citing Fed. R. Civ. P. 6(b)(1)). Accordingly, despite ongoing settlement discussions, defendant was obligated to answer the complaint.

5

The Court finds that defendant has failed to present evidence showing that his failure to answer the complaint was the result of difficulties procuring counsel or that ongoing settlement discussions excused his conduct. "If the default was the result of the defendant's culpable conduct, the district court may refuse to set aside the default on that basis alone." *Hunt*, 1995 WL 523646 at *3 (citations omitted). While the Court finds that defendant's culpable conduct led to the default in this matter, the Court considers whether the other factors demonstrate good cause for setting aside the default. *See Crutcher v. Coleman*, 205 F.R.D. 581, 584 (D. Kan. 2001).

With respect to the second factor, whether the plaintiffs will be prejudiced by setting aside the entry of default, the Court finds no prejudice to plaintiffs in setting aside the entry of default. Plaintiffs argue that "[t]he delay caused by Chow has prevented the speedy adjudication of Plaintiffs' claims and continued the uncertainty surrounding Chow's wrongful acts," Docket No. 49 at 11, but much of the delay in this case is attributable to plaintiffs. Instead of immediately seeking the entry of default judgment against defendant, plaintiffs repeatedly delayed the scheduling conference to continue settlement negotiations. Docket Nos. 22, 25, 31. During the same time period, plaintiffs failed to prosecute their case against another non-appearing defendant, forcing the magistrate judge to demand that plaintiffs either seek default or file dismissal papers against that defendant. *See* Docket No. 42. As a result of plaintiffs' actions, no scheduling conference has been held and this case remains at an early stage. Accordingly, the Court finds that plaintiffs will suffer no prejudice if the entry of default is vacated. *Estate of Ortiz v. Lithia Motors, Inc.*, No. 08-cv-00907-PAB-KLM, 2009 WL 1258969, at *2 (D. Colo. May 5, 2009) (finding no prejudice because

6

plaintiff did not identify any undue prejudice it would suffer if the Court set aside the Clerk's entry of default).

Finally, defendant asserts that he has meritorious defenses to plaintiffs' complaint. Docket No. 36 at 7. To determine whether defendant has a meritorious defense, "the court examines the allegations contained in the moving papers to determine whether the movant's version of the factual circumstances surrounding the dispute, if true, would constitute a defense to the action." *In re Stone*, 588 F.2d 1316, 1319 (10th Cir. 1978). Defendant alleges that plaintiffs' claims lack merit because any alleged corporate misconduct is rebutted by official minutes from shareholder meetings conducted in Mexico and that plaintiffs cannot prove damages because their casinos failed as a result of prior difficulties with the Mexican government, not defendant's conduct. Docket No. 36 at 16, ¶¶ 10-11. While plaintiffs offer the declaration of Neil Ayervais to rebut defendant's defenses, Docket No. 50, the Court must treat defendant's allegations as true. *Stone*, 588 F.2d at 1319 ("The rule requires a sufficient elaboration of facts to permit the trial court to judge whether the defense, if movant's version were believed, would be meritorious"). If defendant can prove that his conduct was not wrongful, or that plaintiffs were not harmed by his conduct, he may be successful in this case. Accordingly, defendant should have the opportunity to assert his defenses. *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 245 (3d Cir. 1951) (holding that any doubts regarding entry of default should be resolved in favor of the defendant, particularly because "[m]atters involving large sums should not be determined by default judgments if it can reasonably be avoided").

The Court finds that good cause exists to set aside the default in this matter. Therefore, it is

**ORDERED** that Defendant Chow's Motion to Set Aside Entry of Default and Motion for Leave to Allow Filing of Answer Out of Time [Docket No. 36] is **GRANTED**. It is further

**ORDERED** that the Clerk's Entry of Default against defendant José Benjamín Chow del Campo [Docket No. 21] is **VACATED**. It is further

**ORDERED** that defendant shall file his answer to plaintiffs' complaint on or before June 14, 2017.

DATED June 2, 2017.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge